Filed 9/13/23  P. v. Rojas CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID GILBERT ROJAS,<br><br>Defendant and Appellant. | B324281<br><br>(Los Angeles County<br>Super. Ct. No. YA038816) |

APPEAL from an order of the Superior Court of Los Angeles County, Amy N. Carter, Judge.  Dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

In 1999 a jury convicted David Gilbert Rojas on nine counts of robbery. The trial court sentenced Rojas as a third strike offender to a prison term of 271 years eight months to life. In 2022 Rojas, representing himself, filed a petition for resentencing under recently enacted ameliorative legislation. The superior court resentenced Rojas under Penal Code former section 1171.1 (now section 1172.75),[1] struck two one-year prior prison term enhancements (execution of which the trial court had stayed), and otherwise denied Rojas's petition.

Rojas argues that, when the superior court granted his petition under section 1172.75, he was entitled to a full resentencing and that the court, in addition to striking the two one-year enhancements, should have exercised its discretion whether to strike enhancements for prior serious felony convictions and personal use of a firearm and whether to impose concurrent or consecutive terms on the robbery counts. We conclude that, because Rojas was not authorized to file a petition under section 1172.75, the superior court lacked jurisdiction to rule on his petition. Therefore, the superior court's order is not appealable, and we dismiss Rojas's appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Rojas Is Convicted and Sentenced*

In 1998 Rojas and two others participated in an armed robbery of a bartender and eight patrons at a bar. A jury

---

[1] Statutory references are to the Penal Code.

convicted Rojas on nine counts of robbery (§ 211). The jury found true allegations that Rojas personally used a firearm (§ 12022.53, subd. (b)) and that a principal was armed with a firearm (§ 12022, subd. (a)(1)). Rojas admitted that he had two prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior convictions for serious felonies within the meaning of section 667, subdivision (a)(1), and that he had served two prior prison terms within the meaning of former section 667.5, subdivision (b).

The court sentenced Rojas under the three strikes law to an aggregate prison term of 271 years eight months to life, which included enhancements for prior serious felony convictions and personal use of a firearm. The court also imposed and stayed execution of two one-year prior prison term enhancements under former section 667.5, subdivision (b). We affirmed the judgment. (*People v. Rojas* (June 4, 2001, B140418) [nonpub. opn.].)

B.     *Rojas Files a Petition for Resentencing*

In 2022 Rojas, representing himself, filed a petition for resentencing and identified as grounds for relief Proposition 57, Senate Bill Nos. 81, 775, 1393, and 1437, Assembly Bill No. 1540, and section 1172.6. The superior court treated Rojas's petition as one for resentencing under sections 1172.6 and 1172.75 and appointed counsel. At the hearing on Rojas's petition, counsel for Rojas conceded that most of the authority Rojas cited in his petition did not entitle him to relief. The superior court resentenced Rojas under section 1172.75 by striking the two (stayed) one-year prior prison term enhancements and otherwise denied the petition. Rojas timely appealed.

3

## DISCUSSION

Rojas argues that, when the superior court resentenced him and struck the prior prison term enhancements under section 1172.75, the court erred in failing to consider whether to exercise its discretion to strike the firearm enhancements and the serious felony enhancements and whether to impose concurrent terms on some or all of the robbery counts.[2]  But even before resentencing, there was a fundamental problem with Rojas's petition:  The Legislature did not authorize defendants to file a petition under section 1172.75; only the California Department of Corrections and Rehabilitation (CDCR) can initiate the resentencing process.

Effective January 1, 2022, Senate Bill No. 483 (Stats. 2021, ch. 728, § 3) added section 1171.1, later renumbered as section 1172.75, which provides:  "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  (§ 1172.75, subd. (a).)  Section 1172.75 prescribes the procedure for resentencing affected defendants.

---

[2]      Effective January 1, 2018, Senate Bill No. 620 (Stats. 2017, ch. 682, §§ 1-2) amended sections 12022.5 and 12022.53 to give trial courts discretion to strike or dismiss firearm enhancements imposed under those sections "in the interest of justice pursuant to Section 1385" in "any resentencing that may occur pursuant to any other law."  (§§ 12022.5, subd. (c), 12022.53, subd. (h).)  Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1-2), effective January 1, 2019, amended sections 667 and 1385 to give trial courts discretion to strike or dismiss prior five-year serious felony enhancements under section 667, subdivision (a)(1).

4

The CDCR and the county correctional administrator must first identify individuals serving terms that include no-longer-valid enhancements and then provide certain information about those individuals "to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b); see *People v. Newell* (2023) 93 Cal.App.5th 265, 268.) "Upon receiving the information," the superior court, if it determines a judgment includes an invalid enhancement, must "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Section 1172.75 prescribes two timelines for this process. For "individuals who have served their base term and any other enhancement and are currently serving a sentence based on the [now-invalid] enhancement," the deadline for review and resentencing was October 1, 2022. (§ 1172.75, subd. (c)(1).) For individuals like Rojas, who are not yet serving time on an invalid enhancement, the deadline is December 31, 2023. (§ 1172.75, subd. (c)(2).)

Section 1172.75, subdivision (d)(1), provides that resentencing under the statute must "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." Section 1172.75, subdivision (d)(2), provides that the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have

5

reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)

The superior court may well recall Rojas's sentence and resentence him under section 1172.75 by the end of the year. (See § 1172.75, subd. (c)(2).)  But the court cannot do so on Rojas's petition.  Under the "express procedure" provided in section 1172.75, "any review and verification by the court in advance of resentencing is only triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384.)  "Section 1172.75 contains no provision for an individual defendant to file" a petition under that statute.  (*People v. Newell*, *supra*, 93 Cal.App.5th at p. 268; see *People v. Escobedo* (2023) 93 Cal.App.5th 1250, 1257 ["section 1172.75 does not authorize appellants to file a petition or a motion to strike the unauthorized enhancements"]; *Burgess*, at p. 384 ["section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion"].)

Because Rojas did not have authority to file a petition under section 1172.75, the superior court lacked jurisdiction to hear his petition and resentence him.  (See *People v. King* (2022) 77 Cal.App.5th 629, 634 ["'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence'"]; see also *People v. Burgess*, *supra*, 86 Cal.App.5th at p. 381 [same].)  "And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is

6

nonappealable, and any appeal from such an order must be dismissed.'" (*King*, at p. 634; accord, *People v. Newell*, *supra*, 93 Cal.App.5th at pp. 268-269; *Burgess*, at p. 381.)  Therefore, we must dismiss Rojas's appeal.

## DISPOSITION

The appeal is dismissed.


SEGAL, J.

We concur:


PERLUSS, P. J.



FEUER, J.